UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00105

**Author James Manning Jr.,**
*Plaintiff,*
v.
**State of Texas,**
*Defendant.*

**ORDER**

Plaintiff filed this action claiming to appeal a state-court judgment. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the court dismiss the action with prejudice and bar plaintiff from filing any new lawsuits unless the lawsuit is filed by a licensed attorney. Doc. 2 at 5. The report explained that federal district courts lack jurisdiction to hear appeals from state-court judgments even when the losing party alleges that the judgment violated the party's federal rights, that the complaint featured a "conclusory or speculative scenario," and that plaintiff has filed numerous frivolous lawsuits despite being warned against doing so by this court. *Id.* at 2–5.

In response to the report, plaintiff filed what he captioned "motion to reinstate, motion for reconsideration, objections." Doc. 5. In that filing, plaintiff states that he "provided relevant subject matter in compliance with the rules of the federal court." *Id.* Plaintiff did not specify which portions of the report or specific findings he objects to.

Ordinarily, the court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds*

*by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Because plaintiff's objection is general and conclusory and fails to identify which finding or portion of the report he objects to, the court reviews the report for clear error. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendation as to dismissal. All claims in this matter are dismissed with prejudice. As to the recommended sanctions, the court notes that a judge of this court has already imposed such sanctions. *See Manning v. Sony*, 6:25-cv-00101 (E.D. Tex. Apr. 22, 2025), Doc. 9. Any pending motions are denied as moot.

*So ordered by the court on January 7, 2026.*

J. CAMPBELL BARKER
United States District Judge